PAGE, COMMISSIONER OF STATE LANDS, *v.* FIDELITY
COMPANY.

4-5609                              132 S. W. 2d 650

Opinion delivered October 30, 1939.

*Jack Holt,* Attorney General, and *T. H. Humphreys,
Jr.,* Assistant Attorney General, for appellant.

*Donham & Fulk,* for appellee.

HUMPHREYS, J.   The pleadings and agreed statement
of facts in this case present the sole question, on appeal,
for determination by this court whether the forty-acre
tract described in appellee's petition for mandamus
against appellant is a town or city lot within the mean-
ing of § 8632 of Pope's Digest, which is § 4 of the act
129 of the Acts of 1929.   If the said forty-acre tract is
a town or city lot within the meaning of § 8632 of Pope's
Digest then in order for one to purchase it from the
state as tax forfeited land he must pay therefor the full
amount of taxes, penalties and costs charged against said
land.

According to the agreed statement of facts the total amount of taxes, penalties and costs charged against the land when it was certified to the state was $1,594.75, on December 31, 1938.

On January 11, 1939, appellee made application to appellant land commissioner, to purchase said land tendering as a consideration therefor $40 or $1 an acre as the purchase price thereof and $1 for the deed. The tender of $1 per acre for the land was made under the provisions of § 8631 of Pope's Digest which is § 3 of act 129 of the Acts of 1929.

According to the agreed statement of facts the forty-acre tract is what is known as White City within the corporate limits of the city of Little Rock, Arkansas, and is of the estimated value of $30,000. The forty-acre tract or lot of land has never been subdivided into smaller tracts or lots and was carried on the tax books when forfeited to the state under the following description: The southwest quarter of the southwest quarter of section 30, township 2 north, range 12 west, containing 40 acres.

The trial court held that said tract of land was not a town or city lot within the meaning of § 8632 of Pope's Digest and that same might be purchased for $40 or $1 an acre and $1 for the deed under § 8631 of Pope's Digest and issued a writ of mandamus to compel appellant to issue appellee a state deed for said amount.

From this finding and judgment of the trial court an appeal has been duly prosecuted to this court.

When §§ 8631 and 8632 of Pope's Digest are read together it is apparent that the legislature intended to include all forfeited lands to the state for sale and classified same in two classes. The first class was governed by § 8631 of Pope's Digest and embraced all lands located in the country except lands adjacent to cities and towns which had been platted, and embraced in the second class all city or town property and lands adjoining cities or towns which had been platted. It was clearly the intention of the legislature to allow the commissioner to sell state forfeited lands situated in the country for $1 per acre and to sell all lands located in towns and

cities and adjoining lands thereto which had been platted for the taxes, penalties and costs charged against them.

Section 8632 of Pope's Digest was taken in its entirety from § 4245 of Mansfield's Digest except that § 8632 of Pope's Digest included lands that do not lie within the corporate limits of a city or town. This court had occasion to construe § 4245 of Mansfield's Digest, now repealed, in the case of *Texarkana Water Co.* v. *State*, 62 Ark. 188, 35 S. W. 788, relative to the meaning of the word "lot," and decided (quoting third syllabus) that: "An unplatted tract of land consisting of thirty-one acres, situated within the limits of a city, is a 'lot,' within Manf. Dig., § 4245, authorizing the sale of lots in towns and cities, forfeited for non-payment of taxes, for the taxes, penalties and costs charged against them."

The trial court, therefore, erred in holding that the forty acres comprising White City within the corporate limits of the city of Little Rock, Arkansas, was not a city lot within the meaning of § 8632 of Pope's Digest and in directing appellant to sell and convey said forty-acre tract to appellee for $41. The judgment is, therefore, reversed and the cause is remanded with directions to the trial court to set aside the judgment and dismiss appellee's petition.